THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OCWEN LOAN SERVICING LLC, <br><br> Plaintiff, <br><br> v. <br><br> DENNIS J. FELT, et al., <br><br> Defendants. | CASE NO. C14-0883-JCC <br><br> ORDER |

This matter comes before the Court *sua sponte*. For the following reasons, the Court REMANDS this case to the Snohomish County Superior Court.

I.     BACKGROUND

Plaintiff alleges that, on November 8, 2013, it acquired title to real property situated at 17533 66th Avenue West, Lynnwood, WA 98037, at a nonjudicial foreclosure sale. A trustee's deed to the property was allegedly issued to Plaintiff. Plaintiff then filed a complaint for unlawful detainer against Defendant residents of the property. (*See* Dkt. No. 1, Ex. B.) Defendants removed the case to this Court on the grounds of both federal question and diversity jurisdiction.[1] (Dkt. No. 1.)

//

---

[1] While Defendants, in their civil cover sheet, rely solely on federal question jurisdiction, they reference 28 U.S.C. § 1332 in their notice of removal.

ORDER
PAGE - 1

## II. DISCUSSION

United States District Courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### A. Federal Question Jurisdiction

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Contr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). "'[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Provincial Gov't of Marinduque*, 582 F.3d at 1091 (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998)). "'In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*.'" *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 (9th Cir. 2002) (quoting *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988)). Neither a defense nor counterclaim based on federal law will confer federal question jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 59, 59–60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense."). Instead, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based on [federal law]." *Id.* at 60

(quoting *Louisvill & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

Plaintiff's cause of action arises under state law, as it is a complaint for unlawful detainer, requesting restitution for the period during which Defendants lived on the property, and attorneys' fees. (*See* Dkt. No. 1, Ex. B.) Defendants attempted to remove this case under 12 U.S.C. § 5220,[2] the Protecting Tenants at Foreclosure Act of 2009. However, Plaintiff's complaint for unlawful detainer does not present a federal question. Nor does it necessarily turn on the construction of federal law. Thus, no basis for federal question jurisdiction appears on the face of the complaint. Inasmuch as Defendants intend to assert 12 U.S.C. § 5220 as a defense to Plaintiff's claims, "[a] defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). *See also Franchise Tax Bd.*, 463 U.S. at 14 ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.").

Because Plaintiff has only pleaded state law claims and there is no federal question apparent from the face of the complaint, Defendants have not satisfied their burden of proving that this Court has federal question jurisdiction.

**B.    Diversity Jurisdiction**

First, "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co v. Roche*, 546 U.S. 81, 84 (2005). Again, as the removing parties, Defendants have the burden of establishing the presence of complete diversity. Here, the only statement regarding Plaintiff's citizenship is in the Complaint, that Plaintiff is "a foreign corporation." (Complaint, Dkt. No. 1, Ex. B.) There is nothing on the

---

[2] Defendants actually cited to 28 U.S.C. § 5220 in their notice of removal, but such a section does not exist in the United States Code, and Defendants properly cited to 12 U.S.C. § 5220 in their civil cover sheet.

record regarding the citizenship of any of Defendants. Nor is there any evidence of Plaintiff's state of incorporation or principal place of business. Accordingly, Defendants have not satisfied their burden of proving that there is complete diversity between Plaintiff and all Defendants.

Second, federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," between diverse parties. 28 U.S.C. § 1332(a). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Speciality Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Id.* "Conclusory allegations as to the amount in controversy are insufficient." *Id.* at 1090–91. Rather, Defendant must actually "'provide evidence establishing that it is more likely than not that the amount in controversy exceeds'" the jurisdictional requirement. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996)). Here, it is not facially obvious from the Complaint that Plaintiff seeks more than $75,000. Moreover, Defendants put forward no evidence whatsoever that the amount in controversy exceeds $75,000. Defendants merely list the damages sought by Plaintiff, and state that "[t]aking all these factors into consideration, defendant reasonable [sic] believes that the Plaintiff seeks damages and/or other recoveries counting toward the jurisdictional minimum, is [sic] excess of $150,000." (Dkt. No. 1 at 2.) Such conclusory allegations are insufficient to satisfy Defendants' burden. Accordingly, Defendants have not satisfied their burden of proving that the amount in controversy requirement is satisfied.

//
//
//
//

ORDER
PAGE - 4

III.    CONCLUSION

For the foregoing reasons, the Court REMANDS this case to the Snohomish County Superior Court.

DATED this 19th day of June 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE